I think the issues is pretty clearly defined in this case. It's whether the Department of Veterans Affairs issued a final order that by statute could only be pursued by either party by initiating a civil action under Title VII or whether it issued some kind of something called a settlement, agreement, or decision that cannot be the basis of a civil action. As I understand it, what you're trying to do is bring, you got relief in the administrative process, but your client isn't satisfied with that and you're not trying to enforce that now, which you're trying to start all over again, essentially on a de novo process. It's actually both, Your Honor. Do you think you can come into federal court now and preserve what you've already got and then just supplement it in this action? Is that what you're arguing? As to money damages, yes. Because you're asking for, I mean, in the new complaint in federal court, you're asking for $74,000. You were given $10,000 by the administrative law judge. In money damage, we're asking for an additional amount, which... $74,000 in addition to $10,000? $74,000 period. So it would be $64,000 if we net out the... Right. So is it fair to say that you're unhappy with the final result? That's what you're appealing? That's partly true. It's also true that we're upset about the fact that none of the non-monetary parts of the final decision of the Office of Civil Rights Adjudication were... So in other words, they didn't enforce as appropriate. That's right. Have you exhausted your administrative remedies to get them to do what you think they're supposed to do on that point? And we believe we have because there weren't any more administrative remedies once a final order issued from that particular official in the Department of Veterans Affairs. And your position is there was a final order issued, then you had a choice. You could have gone higher, couldn't you have, within 30 days and attempted to enforce that order by going to the EEOC, couldn't you have, instead of filing a lawsuit? I don't believe so, Your Honor. I don't believe that once the EEOC remands jurisdiction to the Department and the Department issues a final order based on the recommendation of the EEOC hearings officer, I don't think you can get back... Remember that the EEOC's jurisdiction from the outset in these cases is merely they provide a procedural mechanism for governmental departments that don't have their own. And then they come up with a recommended decision. Right, and the VA issued an order giving you some of the relief that you were seeking on behalf of your client. Yes. And how would you enforce that then? Through this action. And there isn't any other way to do it. Why don't we do this? Now I think we're pretty clear on what your complaint is. The issue is whether you can do it here or there. So why don't we hear from the VA and then we can have some time for rebuttal. I think that's an appropriate way to deal with it. All right. Good morning. I'm Jim Settle and I'm with the U.S. Attorney's Office in Eugene. This action, in my view, has always been an enforcement action. I received the complaint. The complaint is entitled an enforcement action. I filed a motion to dismiss. In the motion to dismiss, I set forth the nature of the action. I said this is an enforcement action. Judge Coffin, when he wrote his finding recommendation, described the nature of the action. It was an enforcement action. But the nature of the relief isn't. Sure. And the dilemma that I was faced in that regard is that he hasn't returned the $10,000. If he wants an over-review, it will review on the whole matter and not piecemeal. But would you offset that? Let's assume that, in other words, I'm curious about how this works. But it seems to me he's got a kernel of relief that he did prevail on. But he's not trying to enforce that. What he's trying to say is I didn't get all that I wanted. Now I'm going to come over here and get it all. And I disagree with that because while the complaint itself is ambiguous, the proceedings and the way this case was litigated in the district court clearly was on the issue of whether or not the non-monetary award issues were completed or not. And, in fact, in the objections filed to the findings of recommendation, there's a sentence in there saying he's been paid but all these other things haven't been done. And in the objections to the findings of recommendation, Mr. Forrest set forth four issues. None of them deal with whether or not he was entitled to more. The only issues that he raised in his objections to the findings of recommendation were that the regulation that I cited was not applicable. And none of the other things were talked about. So the point I'm trying to make is that the course of the litigation before the district court was simply whether or not this lawsuit could enforce the non-monetary aspects of the award that was made during the EEO process. Okay, so if we separate that out and we decide whether or not you can, in effect, bring an enforcement action in federal court of this federal agency and we make our decision on that, then the next question is he says, oh, but I also was unhappy with the amount. I want 74 not. But that wasn't litigated before the district court. That issue was never raised before the district court in the motion and in the objections that were filed. That was not the way the case was tried. All right. Well, if he were challenging the amount he got, would you agree he could be in this court or the district court for that? My position would be, and I've done some research on this, and I can't give you the cases, but the cases are split throughout the country. But my position is that if you wanted a noble review, you'd have to return the $10,000, and you'd start from zero. But he could do that. But he could do that in federal court. That's right. Because there was a final order. That's right. Right. Okay. And so your position then is the way this was litigated was solely as an enforcement action and therefore not appropriate for the federal court. In response to the question or the answer that Mr. Forst gave about there not being an enforcement process, I've attached a number of CFR regulations to my brief. There is a way to enforce it, isn't there? That's right. There is a way, and that is to file a petition for enforcement. And if you're dissatisfied with that, then the regulations provide that you can either bring a mandamus action in federal court. But that doesn't seem to be, maybe, I'm just looking at the complaint, and I confess I don't have the detail on the back and forth now of how it got tried before the magistrate judge. But what does seem clear from the statute and from the implementing regulations is that if you get, in the administrative process, an award, and then the agency doesn't comply with it, you have an enforcement action to say you're not doing what you're supposed to do. But if you then are agreed separately, if you are agreed by what you get through the administrative process, you've now gone through the administrative process. You can now come over to federal court for a civil action and start the process over the NOVO. And my understanding, without being fully informed, but the structure seems to be, as you say, in that case, it's a new ballgame. He may or may not get to keep the $10,000. That's right. I don't disagree with that. You say it wasn't tried that way. I'm saying it wasn't tried that way. I'm saying the complaint said this was an enforcement action. I described it as enforcement action. The magistrate judge was. I saw that much I saw. Right. Okay. And you were based on the complaint. That's right. And so was the magistrate judge. That's right. And the complaint was at best ambiguous in that regard. But if so, in other words, to the extent that the complaint extended beyond the enforcement, you're saying that it was, that argument was forfeited because it never really got played out in the district court. That's right. Or in the objections to the finding. That's right. In fact, it really didn't get played out until the reply brief was filed in this case. We'll go back and look at everything. Okay. Do you want me to talk about the regulation and the enforcement process? Sure. I don't think that's what he's asking for. Yeah. I mean. Because that's what was litigated below was Mr. Forse's argument was that the regulation only applied to settlements. It didn't apply to decisions. And my position is that it would apply. It does apply to decisions. Yes. Right. Okay. Okay. Okay. Thank you. Your Honor, what this. Is this an enforcement action or not? It's to enforce the act, not a specific order under the act. And that's what I contended at every level below. It's an action. That's what it's described in. Well, there is a term of art, it seems, within the process that you can enforce. An order that you get by the administrative process. And that's the road you go down. But if you don't like what you got, then you're going to go up and. They're not in noncompliance with the page of the 10,000. Right. Well, they do enforce. You say that. Nothing else. Is there any non-monetary enforcement? Yes. Okay. And they're saying, well, there's procedures for that that aren't in federal court. And I again disagree. When you have a right to bring a civil action, the federal court has a right to determine what the relief is going to be. And it's not limited by what the final order of the agency had been. Did you ask for relief other than monetary relief before the agency? You did. Before the agency. The appellant was pro se before the agency. He did ask. I don't know what he asked for, but the agency gave. The final order gave significant non-monetary relief that didn't happen. Okay. So that's the. And you would like the agency to make good on that. That's right. Okay. We'll evaluate what that is. Can I just understand? I'm looking at your complaint, just to take your complaint, for example. I've got the $10,000. That's it. The second, which you allege, I'm looking at page four of your complaint, ER-4. It said, reciting what the agency did, said paragraph C, that the agency ensure the plaintiff and all other disabled employees of the Roseburg VA Medical Center are not subject to discrimination. Now, are you contending that they are not implementing that? Well, at the time this complaint was alleged, it certainly had not occurred. Okay. It was not. And how does that tie in, then, with what you're asking for on page five of your complaint in subparagraph D,  all timely submitted discrimination complaints commenced by employees of the VA Medical Center within 90 calendar days of their filing? Is that in addition to what is subsumed, in your view, under C, or is that part of it? That is the first thing I read that you were ordering. It isn't that. Let's put it this way. It was our intention to have the court issue all the relief available under Title VII, as it applies to the Rehabilitation Act for federal agencies, including the relief that the EEOC had recommended to the Department of Veterans Affairs, but that they had failed to provide. And that's the confusion. Well, see, here's what's confusing here. So you're answering what's bothering me and not having to shoot in the dark. It appears from your complaint that you got a result that included monetary and non-monetary relief against the VA. Yes. Okay. And they paid the $10,000 and purported to implement what they were ordered to do. If you disagreed with whether they were doing what they were ordered to do, then you had an enforcement action, clearly, to compel them to do it. That's part of it. But then I read your complaint, as stark as, of course, in the monetary claims, to say we're not satisfied with what we got through that administrative process. We want more. And then what is unclear is whether what you were asking the federal courts now to do is to either enter an order at the end of the day, should you prevail, that reiterates just what you got from the ALJ already and, in addition, gives you remedies which have now been found and ordered by the district court. Or are you contemplating now you start from ground zero and you can get as much as more than or perhaps less than you got through the ALJ process? It is the latter, Your Honor. Okay. One last question then on that. When the magistrate issued his order, he characterized it based on the enforcement prong of what we've been talking about and not, in effect, a new action for damages because you were unhappy with the amount. Did you object to his order saying that your complaint went beyond the enforcement or did you just object on this issue of whether there was a final order? I objected on the basis that it was being dismissed for lack of subject matter jurisdiction in the U.S. District Court and that the statute clearly gave the court jurisdiction whether or not there was a regulation out there that applied to certain ways that the case had to have been dealt with before the final order. But I contended there was a final order and we timely filed an action and, therefore, the United States District Court had subject matter jurisdiction and that was the only issue here. We were talking a moment ago about how the case was tried. This is a Rule 12 motion that was dismissed for lack of subject matter jurisdiction. So you're saying that you did have 90 days within which to file the civil lawsuit because there was a final action and the District Court disagreed. Yes. Okay. We'll look at the record. As I understand it, below, I believe it's them who have changed their position. Below they were claiming that you never can get to federal court if you start through this administrative process. Thank you. And that's how the District Court decided. Thank you. All right. The case of Farrell v. Principi is submitted.
judges: McKeown, Fisher, Gonzalez